### In The United States District Court
### For The District Of Colorado

Civil Action No.

EXABYTE CORPORATION,

      Plaintiff,

vs.

HEWLETT-PACKARD COMPANY

      Defendant.

---

## Complaint For Patent Infringement

---

Plaintiff Exabyte Corporation states the following for its Complaint against Defendant Hewlett-Packard Company.

### PARTIES

1.    Plaintiff Exabyte Corporation is a corporation incorporated under the laws of the State of Delaware, having its principal place of business at 2108 55th Street, Boulder, Colorado.  Exabyte is in the business of designing, manufacturing, and selling various tape storage units, among other things.

2.    Defendant Hewlett-Packard Company ("HP")is a corporation organized under the laws of the State of Delaware, having its principal place of business at 3000 Hanover Street, Palo Alto, California, 94304.  HP also maintains an office in and regularly employs residents of the State of Colorado, at 3404 East Harmony Road, Fort

Collins, Colorado.  HP is in the business of manufacturing, offering for sale, and selling tape storage units, including DAT 72 drives in interstate commerce in the United States.

## JURISDICTION AND VENUE

3.     The action is for patent infringement under 35 U.S.C. § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

4.     The Court has personal jurisdiction over HP due to its tortious conduct in the State of Colorado, including the sale, offering for sale, and/or advertising of infringing products in Colorado.  In addition, the Court possesses general jurisdiction over HP by virtue of its Colorado residence and its continuous and systematic transaction of business in Colorado.

5.     Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).  A substantial part of the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## GENERAL ALLEGATIONS

6.     Exabyte is the owner by assignment of United States Patent No. 5,349,481 ("the '481 Patent"), issued on September 20, 1994, by the United States Patent and Trademark Office.  A copy of the '481 Patent is attached to this Complaint as Exhibit 1 and incorporated by reference.

7.     Defendant HP has made, used, sold, and/or offered for sale within this judicial district a number of tape storage units including DAT 72 drives that infringe one or more claims of the '481 Patent.

8.      Upon information and belief, HP has actively induced others to make, use, offer to sell, and sell tape storage units including DAT 72 drives that infringe one or more claims of the '481 Patent.

9.      Upon information and belief, HP has contributed to the manufacture, use, or sale of tape storage units including DAT 72 drives that infringe one or more claims of the '481 Patent.

10.     At no time has Exabyte given HP permission, license, or authorization to practice the '481 Patent.

11.     HP has had actual notice of the existence of the '481 Patent and of its infringement.  Despite such notice, HP has continued and will likely continue to willfully and deliberately engage in acts of infringement of the '481 Patent unless enjoined by this Court.

12.     Exabyte has been damaged by the infringing activities of HP and will be irreparably harmed unless the Court enjoins HP's infringing activities.  Exabyte has no adequate remedy at law.

## FIRST CAUSE OF ACTION
### (DIRECT PATENT INFRINGEMENT)

13.     Exabyte re-alleges and incorporates by this reference the preceding allegations of the Complaint.

14.     Exabyte is the owner of the '481 Patent.

15. Defendant HP has infringed and is infringing the '481 Patent by, among other things, making, selling, offering to sell, and/or using tape storage units that infringe one or more claims of the one or more claims of the '481 Patents.

16. Defendant has actual or constructive knowledge of the '481 Patent prior to its infringing activity. Defendant's infringement of the '481 Patent has been knowing and willful.

17. Exabyte has been and will continue to be damaged by the infringement.

18. Exabyte has and will continue to incur irreparable harm that can only be fully redressed by injunctive relief pursuant to 35 U.S.C. § 283.

19. Exabyte is entitled to enhanced damages, attorneys' fees, expert witness fees and costs pursuant to 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION
### (INDUCED AND CONTRIBUTORY INFRINGEMENT)

20. Exabyte re-alleges and incorporates by this reference the preceding allegations of the Complaint.

21. Defendant HP has been and, on information and belief, still is actively inducing and/or contributing to the infringement of one or more claims of the '481 Patent by others. Defendant will continue to engage in inducing and/or contributing to the infringement of the '481 Patent unless enjoined by this Court.

22. Defendant HP had actual or constructive knowledge of the '481 Patent prior to its infringing activity. Defendant's inducement to infringe and its contributory infringement of the '481 Patent has been knowing and willful.

23.     Exabyte has been and will continue to be damaged by the infringement.

24.     Exabyte has and will continue to incur irreparable harm that can only be fully redressed by injunctive relief pursuant to 35 U.S.C. § 283.

25.     Exabyte is entitled to enhanced damages, attorneys' fees, expert witness fees and costs pursuant to 35 U.S.C. §§ 284 and 285.

## JURY DEMAND

Exabyte hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Exabyte prays for entry of judgment as follows:

A.     Declaring that Defendant HP has been and still is infringing the '481 Patent.

B.     Declaring that Defendant HP's infringement has been and still is in willful disregard for Exabyte's rights.

C.     Temporarily, preliminarily, and permanently enjoining and restraining Defendant, its officers, managers, members, agents, parents, subsidiaries, principals, successors in interest, and all those acting in concert or active participation with it from selling, making, using, or offering to sell any tape storage unit or other product that directly or indirectly infringes any of the claims of the '481 Patent;

D.     Awarding to Exabyte any and all damages recoverable under applicable law or statute, including the lost profits and in no event less than a reasonable royalty under 35 U.S.C. § 284.

E.    Awarding to Exabyte treble and enhanced damages for the willful

infringement of the '481 Patent pursuant to 35 U.S.C. § 284.

F.    Awarding to Exabyte its attorneys fees, costs, expert witness fees and

expenses incurred by Exabyte in connection with this action pursuant to

35 U.S.C. § 285 and other applicable law;

G.    Such other and further relief as the Court deems equitable and appropriate.

Dated this 18th day of January, 2006.

Respectfully submitted,

s/ Timothy P. Getzoff
Timothy P. Getzoff
Donald A. Degnan
Libby A. Huskey
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO  80302
Telephone:  (303) 473-2700
Facsimile:   (303) 473-2720
Email:  tgetzoff@hollandhart.com

ATTORNEYS FOR EXABYTE CORPORATION.

Address of Exabyte:
2108 55th Street
Boulder, Colorado  80301

3286451_1.DOC